■ BARBARA SWANSON et al., Respondents, v ESTATE OF WALTER L. VON LANGENDORFF, Deceased, et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 19, 1990, which, *inter alia*, denied the Estate's, Evyan Perfumes' and Leona M. Robison's ("defendants") motion for summary judgment pursuant to CPLR 3212, unanimously affirmed, with costs.

Evyan Perfumes, was owned by Walter Langer Von Langendorff. Upon his death, the shares of Evyan passed to his estate. John Paul Reiner, an attorney for Evyan, and Leona Robison, an executive of Evyan, were named co-executors of the estate.

Once it was decided that Evyan was to be sold, Robison allegedly orally promised plaintiffs, employees of Evyan, that if they remained with the company until its sale they would receive a years severance pay and a six month extension of medical coverage. However, just before Evyan's sale, a memorandum was circulated which informed those Evyan employees who had decided to stay until the sale that they would only receive a bonus equal to 5½ weeks pay.

Plaintiffs thus began this lawsuit against defendants for, *inter alia*, breach of oral contract and fraudulent inducement. Defendants' motion for summary judgment was denied.

While defendants argue that ERISA (Employee Retirement Income Security Act of 1974; 29 USC § 1001 *et seq.)* is preemptive and bars plaintiffs' claims, ERISA does not apply to the instant situation. The alleged oral promise by Robison for severance pay and extended medical coverage, apparently a one-time deal, does not constitute an "employee benefit plan" pursuant to ERISA. (29 USC § 1144 [a]; *and see, Fort Halifax Packing Co. v Coyne,* 482 US 1.) There was never any estab-

lished severance pay policy nor an intention to create a plan or a program.

Defendants also claim that under State law, Robison's alleged promise could not bind the estate without the other coexecutor's agreement. However, there is a question of fact as to whether Robison made the promise while acting in the capacity of an executive of Evyan (and thus the other coexecutor's ratification was clearly unnecessary) or in the capacity of a fiduciary of the estate. While Robison may also attempt to shield herself from personal liability pursuant to EPTL 11-4.7, such insulation is only effective if her promise was made while administering the estate. At this point, this cannot be resolved on the record. Accordingly, summary judgment was appropriately denied.

We have considered all other claims and find them to be of no merit. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.